COMMONWEALTH *vs.* JOHN McCANCE.

Suffolk.    March 13, 1900. — June 5, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Milk not of good Standard Quality — Compliance with Statute — Instructions.*

At the trial of a complaint under St. 1899, c. 223, relative to the standard quality of milk, it appeared that the information furnished to the defendant as to the result of the analysis of the milk was in substance that the milk inspector told the defendant that he would give him the result of the analysis of the samples if he would like it, and did so, telling him the percentages of total solids and of fat in the case of each sample; that afterwards the defendant came back to the inspector's office, and the inspector then told him that he "would give him the figures in writing if he wanted them, and he said he would like the figures of the analysis of the samples that were below standard," and that the inspector wrote them down and caused the paper on which they were to be given to him. *Held*, that there was a sufficient compliance with St. 1899, c. 169, and that, the jury having been so instructed in substance, the defendant had no ground of exception.

COMPLAINT, under St. 1899, c. 223. At the trial in the Superior Court, before *Sheldon*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*R. B. Dewing &amp; S. R. Cutler*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

MORTON, J.   This is a complaint against the defendant for having " in his possession milk not of good standard quality, that is to say, milk containing less than twelve per centum of milk solids with intent then and there unlawfully to sell the said milk within this Commonwealth."  The only question is whether the jury should have been instructed as requested by the defendant that " the information furnished to the defendant as to the result of the analysis of the milk was not in compliance with said Chap. 169 of the Acts of 1899," and whether the instruction that was given was erroneous.   The information referred to was in substance that the milk inspector told the defendant that he would give him the result of the analysis of the samples if he would like it, and did so, telling him the percentages of total solids and of fat in the case of each sample ; that afterwards the defendant came back to the inspector's office and the inspector then told him that he " would give him the figures in writing if he wanted them, and he said he would like the figures of the analysis of the samples that were below standard," and that the inspector wrote them down and caused the paper on which they were to be given to him.

We think that this was a sufficient compliance with the statute, and that the jury were properly so instructed in substance. The object of the analysis is to show the amount of milk solids or of fat, and if a defendant in any case is furnished with those he is furnished, we think, with the analysis required by the statute to be sent to him.

*Exceptions overruled.*